IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CHERYL WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-04043-CV-RK |
| | ) |
| NANCY BERRYHILL, ACTING | ) |
| COMMISSIONER OF SSA; | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **affirmed in part and reversed in part.**

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer

heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, Plaintiff has the following severe impairments: rheumatoid arthritis, left biceps tendonitis, emphysema, migraine-type headaches, hypertension, and nicotine abuse. The ALJ also determined that Plaintiff has the following non-severe impairments: hepatitis C, major depressive disorder, and anxiety. However, the ALJ found that none of the Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform a full range of sedentary work with limitations. The ALJ found the Plaintiff is able to perform past relevant work as an account executive.

On appeal, the issues raised by Plaintiff in support of reversing the ALJ's decision are: (1) whether the ALJ correctly determined Plaintiff's depression and anxiety were not severe impairments, (2) whether the ALJ's credibility analysis was proper, and (3) whether the ALJ properly found that Plaintiff is able to perform past relevant work as an account executive.

Upon review of the parties' briefs and the record, the Court finds that the ALJ properly found Plaintiff's depression and anxiety were not severe impairments[1] and the ALJ's credibility analysis was proper.[2] However, the Court finds the ALJ erred by failing to address the conflict between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT").

The ALJ's RFC determination limited Plaintiff to no reaching overhead with the left upper arm. The ALJ relayed these limitations to the vocational expert (VE), and the vocational expert indicated that a person with these limitations could perform Plaintiff's past relevant work

---

[1] *See Cypress v. Colvin,* 807 F.3d 948, 951 (8th Cir. 2015) (if a claimant's pain is controlled by medication or treatment, it is not considered a disabling impairment); *Goff v. Barnhart,* 421 F.3d 785, 792 (8th Cir. 2005) (where a plaintiff has maintained employment despite a condition, the condition is not considered a disability absent evidence of a significant deterioration).

[2] *See Perkins v. Astrue,* 648 F.3d 892, 899-900 (8th Cir. 2011) (a history of limited and conservative treatment undermines allegations of disabling symptoms); *McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013) (substantial evidence supports the ALJ in finding the claimant was not disabled where claimant was not restricted in daily activities); *Vance v. Berryhill,* 860 F.3d 1114, 1120 (8th Cir. 2007) (an ALJ may discredit a claimant's subjective complaints based on inconsistencies in the evidence as a whole); *Lawson v. Colvin,* 807 F.3d 962, 966 (8th Cir. 2015) (an ALJ may draw conclusions about a plaintiff's credibility based on evidence suggesting the plaintiff over exaggerated symptoms).

as an account executive (DOT 164.167-010). The job of account executive requires occasional reaching. DOT 164.167-010 (G.P.O).

Therefore, a conflict appears to exist between the ALJ's RFC determination and the jobs the vocational expert opined Plaintiff could perform. *See Moore v. Colvin,* 769 F.3d 987, 989-990 (8th Cir. 2014) (when there is an "apparent unresolved conflict" between the vocational expert and the Dictionary of Occupational Titles, the ALJ must "elicit a reasonable explanation for the conflict" and "resolve the conflict by determining if the explanation given [by the expert] provides a basis for relying on the [VE] testimony rather than on the DOT information"), (an ALJ is "not absolved of this duty merely because the VE responds 'yes' when asked if her testimony is consistent with the DOT"). The Court notes that, based on the job description of an account executive in the DOT, it is reasonable to consider that someone who cannot reach above the shoulder with the upper left extremity is capable of maintaining employment as an account executive; however, this should be clarified in the record on remand by the vocational expert. Accordingly, this matter is remanded for the ALJ to address and resolve this conflict.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court **AFFIRMS in part and REVERSES in part** the Commissioner's decision.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: October 26, 2017